[No. 165. Decided October 20, 1892.]

P. LAURENDEAU, *Appellant*, v. PETER FUGELLI, *Respondent*.

PUBLIC LANDS—RAILROAD LAND GRANT—OCCUPANT UNDER RAILROAD—REPLEVIN OF CROPS.

One in possession of railroad lands under a preference right of purchase may maintain an action for the recovery of crops grown thereon against a trespasser, although the latter, subsequent to his forcible entry, may have filed a declaratory statement on such lands as a part of the public domain.

*Appeal from Superior Court, Kittitas County.*

Action of claim and delivery by P. Laurendeau against Peter Fugelli, to recover a crop of hay or its value. The land upon which the hay was grown was within the limits of the grant from the United States to the Northern Pacific Railroad Company. In February, 1884, plaintiff acquired the possessory right and the preference right of purchase from the railroad company, and occupied and improved the land until May, 1885. At that time defendant tore down one of the fences inclosing said land, and entered and built a house upon the land and has since held forcible possession against plaintiff, shortly after his forcible entry filing his declaratory statement thereon under the preëmption laws of the United States. Judgment of non-suit, and plaintiff appeals.

*Gilliam & Kauffman*, and *Pruyn & Ready*, for appellant.

The opinion of the court was delivered by

SCOTT, J.—This case is between the same parties, and involves a similar state of facts, as that of *Laurendeau v. Fugelli*, decided by the supreme court of the Territory of

Washington, found in the supplemental part of the first volume of Washington State Reports, at page 559 (21 Pac. Rep. 29), the action being brought for a subsequent crop of hay to the one involved in the former case. It is admitted in this case, however, that the respondent filed his declaratory statement upon the land in question after his entry thereon. The same action was taken by the court as in the former case, plaintiff being non-suited. Respondent made no appearance upon the appeal, nor did he file any brief.

Respondent having made a forcible entry upon the land in question which had been settled upon, improved and inclosed by the plaintiff, and who was in possession thereof at the time, could obtain no rights therein by virtue of such an entry. The fact that he filed a declaratory statement thereon subsequent to such entry did not afford him any additional protection against the party rightfully in possession. As against the respondent the plaintiff was entitled to the land, and its produce. This case must follow the former one. The judgment of the court below is reversed, and the cause remanded. See *Atherton v. Fowler*, 96 U. S. 513, and the former case of *Laurendeau v. Fugelli*, heretofore cited.

ANDERS, C. J., and STILES and DUNBAR, J., concur.

HOYT, J., not sitting.