### The City of Lawrence v. David W. Littell.

No. 552.   ( 58 Pac. 495.)

1. Practice, District Court—*Objection to Evidence.* The objection to the introduction of evidence under the petition in this case was properly overruled.

2. —————— *Knowledge of Juror—Impaneling of Jury.* The fact that one of the jurors upon his examination testified that he was not acquainted with the plaintiff, but after the jury were impaneled the plaintiff came into the court-room, and the juror then stated that he was acquainted with him (under a slightly different pronunciation of his name) is not sufficient to require the impaneling of a new jury.

3. CITIES—*Defective Sidewalk—Negligence.* Where the plain-
tiff was injured by catching his foot under the end of a plank of
the cross-walk over which he was traveling, said plank being ele-
vated by warping about three inches, and having been in this
condition for a long time, and its condition being known to the
plaintiff before the injury, *held,* that the questions of the negli-
gence of the city and the contributory negligence of the plaintiff
were properly submitted to the jury.

4. PRACTICE, COURTS OF APPEALS—*Taxation of Costs—Review.*
A question as to the proper taxation of costs will not be consid-
ered in this court unless a motion to retax has been acted upon
by the court below.

Error from Douglas district court; A. W. BENSON,
judge.   Opinion filed October 6, 1899.   Affirmed.

*W. C. Spangler,* for plaintiff in error.

*McHale & Learnard,* and *W. W. Nevison,* for defend-
ant in error.

The opinion of the court was delivered by

WELLS, J.: This action was brought to recover of
the city of Lawrence damages for injuries received by
the plaintiff below from a fall on an alleged defective
crosswalk over University avenue on the west side of
Massachusetts street in the city of Lawrence.   A trial
was had to the court and a jury, a verdict returned in
favor of the plaintiff, and judgment rendered accord-
ingly.   To reverse this the cause is brought to this
court for review.

The first allegation of error is:

"The district court erred in overruling and denying
the application of the defendant to withdraw its waiver
of the jury after the appearance of Mr. Littell in the
court-room, and denying the application of the defend-
ant thereafter to exercise its three peremptory chal-
lenges with reference to the jury then in the box."

Upon the examination of the jury the plaintiff

waived all of his peremptory challenges, by his counsel, he not being personally present in court, and the defendant exercised two peremptory challenges, waiving the third. Thereupon the jury were sworn to try the cause, and Mr. McHale proceeded to state the plaintiff's case. While he was engaged in making his statement the plaintiff came into court, and thereupon two of the jurors stated that they were acquainted with him under the name of *Lit*-tell and did not know when questioned that he was the person inquired about as Lit-*tell*. Thereupon defendant's counsel asked to have the peremptory challenges set aside and also the waiver. The waiver of the third challenge was set aside and one of the juror's referred to was excused. To the refusal of the court to set aside the challenges first made and to allow the defendant to begin the impaneling of the jury *de novo* exception was taken, and this is assigned as a ground of error. We do not think this assignment of error valid. The plaintiff had the challenges allowed by law, and the fact that two of them were made in ignorance of an unimportant fact makes no material difference. There is nothing in the record to indicate any partiality or prejudice on the part of the juror.

*Second.* "The court erred in overruling the objection of the defendant to the introduction of any evidence under the petition in said action." It is contended that no sufficient allegation of negligence on the part of the city is contained in the petition. The petition alleges that the cross-walk described was allowed to become, did become and at said date was out of repair in this, that said cross-walk was made of planks placed lengthwise and parallel with said Massachusetts street; that the ends of the planks forming said cross-walk were not nailed down or otherwise fastened; that

Lawrence v. Littell.

the ends of said planks were warped and raised up in such a manner as to render the same unsafe for persons passing over or thereon on foot; that for a long time prior to said date said cross-walk at the place aforesaid had been and then was in said dangerous and unsafe condition, without being nailed or otherwise fastened down to prevent persons from being thrown down and injured in passing over the same. The plaintiff further alleges, that the said defendant, its officers, agents, and employees, well knew, said 23d day of January, 1895, and for a long time prior thereto had known, that the planks forming said cross-walk were not nailed down, and well knew then, and for a long time prior thereto had known, that said cross-walk at the place aforesaid was in said dangerous and unsafe condition, rendering travel thereon unsafe for pedestrians, and did negligently, wrongfully and knowingly suffer and permit said cross-walk at the place aforesaid to remain in such dangerous and unsafe condition.    This was sufficient and the objection was properly overruled.

The third allegation of error is upon the admission and refusal to strike out certain testimony. From a careful reading of all the testimony, we are unable to see that any prejudicial error was committed in relation thereto.

*Fourth.* "The court erred in overruling the demurrer to the evidence filed by the plaintiff in error." Under this allegation it is contended, as in the objection to the introduction of evidence, that the only act of negligence alleged in the petition was that the planks were allowed to remain without being nailed. We do not think a fair construction of the petition will sustain this contention. It is next contended that the condition of the walk as shown was not such that the

failure to repair it constituted negligence on the part of the city, and further, that the plaintiff, from the evidence, must have known of the condition of the crossing, and his use of the same without the caution necessary to prevent injury was such contributory negligence as should bar a recovery. We do not think that under the circumstances of this case the court would have been justified in saying as a matter of law either that the city was not negligent or that the plaintiff was negligent. These matters were properly submitted to the jury. See *Corlett v. City of Leavenworth*, 27 Kan. 673, and cases there cited. That a step, or even a series of steps, up or down in a sidewalk or crossing will in all cases be taken as evidence of negligence cannot be maintained. Courts have made a clear distinction between the adoption of a defective plan for such improvements and the defective carrying out and maintaining of the plan adopted.

*Fifth.* "That the court erred in refusing to require the jury to return a more definite answer to special question No. 5." The fourth and fifth special questions and answers are as follows: "4th. Was the cross-walk at the time and place of the alleged accident in a reasonably safe condition for people to travel thereon? A. No." "5th. If you answer special question No. 4 in the negative, that is, that it was not in a reasonably safe condition for people to travel thereon, please state definitely what defect existed in said sidewalk at the time of the accident. A. The south end of west plank was up sufficiently to make it unsafe for travel, all of them being cupped more or less." It seems to us that this answer was all that could be required.

The sixth allegation of error is in overruling the motion for a new trial for the reason hereinbefore

considered, and requires no special mention except to say that we think the evidence was sufficient to justify the verdict.

*Seventh.* '' That the court erred in assessing all the costs in said action against said plaintiff in error, as under the proof the plaintiff in error was only liable for the costs made by it.''

There is no record of a motion to retax costs in this case, and upon the authority of *In re Lowe, Appellant,* 46 Kan. 255, 26 Pac. 749, that question cannot be considered by us.

The judgment of the district court is affirmed.