[No. 4818. Decided December 15, 1903.]

LEE SMITH *et al., Respondents,* v. CITY OF SEATTLE, *Appellant.*[1]

MUNICIPAL CORPORATIONS—STREETS—NEGLIGENCE—CONSTRUCTIVE NOTICE OF DEFECT—OTHER ACCIDENTS—PROOF OF ADMITTED FACTS. In an action against a city for personal injuries sustained by falling over an obstruction in the sidewalk, it is not reversible error for the plaintiff to show other instances of persons falling over the obstruction to prove constructive notice, although the city admitted notice by stipulation, since proof of admitted facts is not prejudicial error.

SAME. Such testimony was also admissible as descriptive of the place, and is not objectionable as being in the nature of a surprise to the city.

SAME—TRAP DOOR IN SIDEWALK—EVIDENCE AS TO OTHER DOORS. Where a trap door was maintained in the sidewalk projecting several inches above the level of the walk, evidence that no other trap doors in the city approximated the same height is not prejudicial to the city as such fact was to its credit and not to show other acts of negligence.

SAME—CONTRIBUTORY NEGLIGENCE. Such evidence was also admissible upon the issue of plaintiff's contributory negligence, if the city was negligent in maintaining the door in question.

SAME—EVIDENCE—SUFFICIENCY. Evidence that a trap door projected above the level of the sidewalk from two to four inches,

[1]Reported in 74 Pac. 674.

31-33 WASH.

and was worn very smooth and slippery, raises a question for the jury as to the city's negligence.

TRIAL—INSTRUCTIONS. An instruction in part correct is properly refused where the assumption made therein that the plaintiff was running at the time of the accident is not warranted by the evidence.

SAME. It is not error to refuse instructions covered by the general charge.

SAME—WITNESSES—CREDIBILITY—PHYSICIANS APPOINTED BY THE COURT. It is not error to refuse to instruct that the jury may take into consideration in determining the credibility and interest of witnesses that they were physicians appointed by the court to make a physical examination, and were not witnesses on behalf of either party, since that would say inferentially that the jury were at liberty to give greater credence to their testimony because they were selected by the court.

Appeal from a judgment of the superior court for King county, Griffin, J., entered March 30, 1903, upon the verdict of a jury rendered in favor of the plaintiff for $7,633 damages for personal injuries sustained through a fall caused by a projecting trap door in the sidewalk. Affirmed.

*Mitchell Gilliam* and *Hugh A. Tait,* for appellant, contended, *inter alia,* that it was error to permit the plaintiff to prove accidents to other persons at the place in question. *Dean v. Murphy,* 169 Mass. 413, 48 N. E. 283; *Langhammer v. Manchester,* 99 Iowa 295, 68 N. W. 688; *Moore v. Richmond,* 85 Va. 538, 8 S. E. 387; *Phillips v. Town of Willow,* 70 Wis. 6, 34 N. W. 731, 5 Am. St. 114; *Bell v. Chicago etc. R. Co.,* 64 Iowa 321, 20 N. W. 456.

*John B. Hart,* for respondent.

HADLEY, J.—The respondents are husband and wife, and this action was brought to recover damages for alleged personal injuries sustained by respondent Christina D. Smith. It is alleged that, at the time the injuries were re-

ceived and for many months prior thereto, the defendant, the city of Seattle, had negligently maintained, and permitted to exist in an unprotected and dangerous condition, certain trap doors upon the sidewalk, which doors opened into a cellar underneath the sidewalk on Second avenue in said city. It is also alleged, that the doors were made of iron, and were dangerously elevated above the surface of the adjoining sidewalk to a height of from two to three inches; that the doors met over the middle of the opening, and that at the point of meeting one door projected above the other; that these had become worn and smooth upon the surface, and at times were slippery and dangerous to travelers passing over the sidewalk in the ordinary and usual manner; that said respondent, in the night time, while passing over such sidewalk, being unaware of the conditions existing as aforesaid, and without fault upon her part, struck said projecting doors with her foot; that the doors were at the time slippery, and that said respondent stumbled, slipped, and fell, and was thereby violently thrown on to said doors and on to the sidewalk and ground, from which she received severe and permanent injuries.

The answer is a general denial, and also contains an affirmative plea of contributory negligence. The cause was tried before a jury, and a verdict was returned against the defendant city in the sum of $7,633. The defendant's motion for new trial was denied, and judgment was entered for the amount of the verdict. The city has appealed.

It is assigned that the court erred in permitting respondents to prove, over appellant's objection, instances of other persons at other times slipping upon, or falling over, the doors upon which it is alleged the respondent Mrs. Smith stumbled and fell. It is insisted by appellant that the most that may be urged in favor of this testimony is that it was competent for the purpose of showing con-

structive notice to the city of the alleged defect of the doors in question, and that the necessity for proof of such notice was obviated by the stipulation of counsel for appellant made at the beginning of the trial. By that stipulation, appellant admitted notice of the conditions existing, and it is therefore contended that the criticised testimony could have served no other purpose than to impress the jury, by facts outside of any question they were called upon to determine, that the city was permitting to be maintained on its sidewalk an obstacle of a highly dangerous character to pedestrians. It is further urged that the testimony was prejudicial because it distracted the attention of the jury from the facts in issue to collateral matters of which no notice was given appellant by the pleadings, and that no opportunity was afforded to disprove them. It is argued by appellant that it could not have been expected to investigate and ascertain the truth as to circumstances surrounding the several instances of other accidents proved, when advised thereof for the first time in the midst of the trial, and that in the absence of any contradictory evidence such instances necessarily stood admitted.

That the testimony was relevant to the question of notice is practically conceded by appellant, and, in any event, we think it was so under many authorities. It is true that, while notice was in issue under the pleadings, it was admitted at the trial; but in *Fitzgerald v. School Dist.*, 5 Wash. 112, 31 Pac. 427, it was held that, while it is unnecessary to make proof of admitted facts, yet the error in admitting such testimony is immaterial and not prejudicial. To the same effect is *Jones v. Allen*, 85 Fed. 523, in which the court, at page 525, said:

"It may be that it was unnecessary to have read the records in evidence because the facts which they tended to prove were in effect admitted by the pleadings. But

if the plaintiffs saw fit to establish the allegations of their complaint with greater certainty by introducing the records, the defendants cannot be heard to complain. They were not prejudiced by the proof of facts which they had admitted."

See also: *People v. Fredericks,* 106 Cal. 554, 39 Pac. 944; *Consaul v. Sheldon,* 35 Neb. 247, 52 N. W. 1104; *Trogdon v. State,* 133 Ind. 1, 32 N. E. 725.

While this class of evidence, as pertinent to the subject of notice, may not have been necessary under the admission of appellant, yet we think it was admissible upon another theory; viz., that it tended to be descriptive of the condition of the sidewalk. It was so strongly intimated, if not actually held, in *Elster v. Seattle,* 18 Wash. 304, 51 Pac. 394. The same rule was declared in *District of Columbia v. Armes,* 107 U. S. 519, 2 Sup. Ct. 840, 27 L. Ed. 618. In that case, when referring to the evidence of other accidents at the same place as the one in question, Mr. Justice FIELD said, at pages 524, 525:

"They were proved simply as circumstances which, with other evidence, tended to show the dangerous character of the sidewalk in its unguarded condition. The frequency of accidents at a particular place would seem to be good evidence of its dangerous character—at least, it is some evidence to that effect. Persons are not wont to seek such places, and do not willingly fall into them. Here the character of the place was one of the subjects of inquiry to which attention was called by the nature of the action and pleadings, and the defendant should have been prepared to show its real character in the face of any proof bearing on that subject."

See also *City of Topeka v. Sherwood,* 39 Kan. 690, 18 Pac. 933; *Lombar v. Village etc.,* 86 Mich. 14, 48 N. W. 947.

While the authorities are not uniform as to the admissibility of this class of evidence for the purpose last stated,

yet it is held by eminent authority to be so admissible, and, as we have seen, this court has already in effect recognized such rule. Answering appellant's argument that such testimony was in the nature of a surprise, and that it was unprepared to meet it, the same point was considered in the language of Mr. Justice FIELD quoted above, and referred to in other cases cited. It was held that the character of the places of the accidents was one of the subjects of inquiry, and that the defendant should have been prepared to show the real character in the face of any proof bearing upon the subject. We think it was not error to admit the testimony.

One witness testified over objection that he had looked the city over and had not been able to find another door projecting above the sidewalk approximating the height of the ones in question. It is urged, that the admission of this testimony was error; that there was no issue as to the character of other doors in the sidewalks; that appellant had no notice that such testimony would be offered, and was therefore unprepared to meet it. It was, however, alleged in the complaint, and denied by the answer, that all other similar openings in the sidewalks of the city were protected by coverings which did not project above the level of the adjoining sidewalk. As far as the pleadings were concerned, appellant had, therefore, joined issue upon that subject, had not moved to eliminate it from the complaint as immaterial, and did have notice that respondent might seek to show it by evidence. But whether the testimony became material by reason of the pleadings or not, we do not think it was prejudicial to appellant. It was not sought to show that the city was negligent in this instance by reason of negligence in other instances, but rather that, at all other places where trap doors were permitted in the sidewalks, due care had been

exercised. Such testimony was to the credit, and not to the prejudice, of the city.

We also think that the testimony was pertinent as bearing upon the question of contributory negligence, which was made an issue by the pleadings. One accustomed to using the sidewalks of the city and finding them uniformly free from obstructions of the kind alleged in this case, would naturally, without knowledge of the particular defect, presume that all the sidewalks were in like safe condition. While such a presumption is ordinarily indulged in any event, as arising out of the duty of the municipality to keep the sidewalks reasonably safe for travel, yet in this instance the testimony tends to show that the injured respondent was not, by reason of ordinary conditions existing on the sidewalks of the city, under any special duty to be on the lookout for such an obstruction. To such effect is the rule applied in *Lamb v. Worcester,* 177 Mass. 82, 58 N. E. 474; *Grace & Hyde Co. v. Kennedy,* 99 Fed. 679. The testimony was, therefore, not incompetent if it reasonably appeared that the city was negligent in permitting the maintenance of the doors in question, which the witnesses' testimony tended to show was the only place of like character in the city.

Whether the doors and surroundings were of such character as made them unsafe to pedestrians, and thus established negligence, was, of course, for the jury, if the evidence thereof reasonably justified its submission to the jury. Pertinent to that subject we may say that the evidence of respondents' witnesses as to the height of the doors and hinges above the sidewalk, while varying somewhat, was to the effect that such elevation was from two to four inches. One witness testified that he saw it measured with a spirit level, and that the doors proper were one and one-half inches, and the hings about two and one-

quarter inches, above the sidewalk, respectively. Others estimated the elevation at right angles above the sidewalk level at even more, as stated above. Appellant's only witness upon this subject estimated the height of the several hinges from one and five-eighths inches to one and seven-eighths inches above the sidewalk. This witness, a civil engineer, admitted that the only accurate way to make the measurements was by means of a spirit level, which he did not use. There was also evidence to the effect that the doors were worn very smooth, and were, for that reason, slippery. That the evidence as to the height of the doors and hinges was such as raised the question for the jury whether the maintenance on the sidewalk of a contrivance such as described established negligence of the city, is supported by the following similar cases: *Lamb v. Worcester, supra; Redford v. Woburn,* 176 Mass. 520, 57 N. E. 1008; *Fordham v. Gouverneur Village,* 160 N. Y. 541, 55 N. E. 290; *Baxter v. Cedar Rapids,* 103 Iowa 599, 72 N. W. 790; *City of Lawrence v. Littell,* 9 Kan. App. 130, 58 Pac. 495.

That the evidence as to the slippery surface of the metallic doors was also properly for the jury is sustained by the following: 15 Am. & Eng. Enc. Law, 458, 459 (2d ed.); *Cromarty v. Boston,* 127 Mass. 329, 34 Am. Rep. 381; *Lyon v. Logansport,* 9 Ind. App. 21, 35 N. E. 128; *Leonard v. Butte,* 25 Mont. 410, 65 Pac. 425.

Thus, there was sufficient evidence bearing upon the question of negligence of the city to make the testimony criticised under this assignment of error competent. There being evidence tending to establish negligence at the particular place, testimony tending to show that no other such defect existed in the same, or any other sidewalk of the city, became competent for reasons hereinbefore stated. The court did not err in admitting it.

It is assigned that the court erred in refusing to give a certain requested instruction upon contributory negligence. The instruction requested left the jury to find, among other things, that the plaintiff was running at the time she was injured. We do not think the evidence justified that part of the instruction. The injured respondent testified that she was walking along "just in an ordinary walk" at the time. Taking the instruction as a whole, it was therefore properly refused. An instruction which is in part correct but in other particulars incorrect should be refused as a whole. *Duggan v. Pacific Boom Co.*, 6 Wash. 593, 34 Pac. 157, 36 Am. St. 182; *Croft v. Northwestern Steamship Co.*, 20 Wash. 175, 55 Pac. 42. An instruction which refers to matters not in evidence is properly refused. *Woo Dan v. Seattle Elec. etc. Co.*, 5 Wash. 466, 32 Pac. 103; *Einseidler v. Whitman County*, 22 Wash. 388, 60 Pac. 1122. Other proper points embodied in the requested instruction we believe were amply covered by instructions given, and we have often held that when such is the case it is not error to refuse to give an instruction in the language requested.

It is urged that the court erred in refusing to give the following requested instruction:

"You are instructed that Dr. James Shannon and Dr. C. W. Sharpless are physicians who were appointed by this court as a commission to examine the plaintiff Christina D. Smith with reference to the extent and nature of her injuries. They are witnesses neither in behalf of the plaintiffs or the defendant, and this fact you may take into consideration in determining their credibility, interest, or lack of interest, in the result of this suit, and the weight to be attached to their testimony."

We think the instruction was properly refused. While it is true that the physicians named had been appointed by the court to examine the injured respondent, yet they

testified as witnesses called by appellant. To have given the instruction would have been for the court to say, inferentially at least, that the jury were at liberty to give greater credence to the testimony of these witnesses because they had been selected by the court. This would have been clearly erroneous. Their testimony must be subjected to the same tests as that of other witnesses, and it would have been error for the court to distinguish it as being subject to any different rule.

It is unnecessary to discuss the assignment that error was committed in overruling the motion for a new trial. No claim is made in this court that the verdict is excessive, and other questions involved in the motion for a new trial, which have been urged here, have already been sufficiently discussed.

The judgment is affirmed.

FULLERTON, C. J., and ANDERS, MOUNT, and DUNBAR, JJ., concur.