[No. 5671. Decided January 5, 1906.]

HANS HANSEN, *Respondent,* v. SEATTLE LUMBER COMPANY, *Appellant.*[1]

MASTER AND SERVANT—UNPROTECTED COGWHEELS—INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE—WHEN QUESTION FOR JURY. The question of the contributory negligence of the plaintiff is for the jury where it appears that he was engaged as a common laborer to bear away lumber from an edger, that he was requested to take the place of another controlling the live rolls, that he expressed doubt as to his ability to do so, and was injured in attempting to replace a stick, which was about to fall from the rolls, and which lay over an unguarded cogwheel which he did not see and which caught his hand.

[1]Reported in 83 Pac. 102.

SAME — INSTRUCTIONS — SERVANT CHARGEABLE WITH KNOWLEDGE THAT COGWHEELS WOULD CRUSH HAND IF CAUGHT. It is not error to refuse to instruct that every person is charged by law with knowledge of the danger of coming in contact with unguarded cogwheels, where the jury were in the general charge fully instructed as to the plaintiff's duty and contributory negligence in working about such dangerous machinery.

EVIDENCE — PRIOR ACCIDENTS ON SAME AND OTHER COGWHEELS — ADMISSIBILITY. Upon an issue as to whether the defendant knew of the exposed and dangerous condition of cogwheels upon which its servant was injured, evidence is admissible of other accidents happening upon the same cogwheels, and others similarly situated in the same mill, prior to the time of the plaintiff's injury, and that defendant knew thereof.

MASTER AND SERVANT—UNGUARDED COGS—FURNISHING APPLIANCES FOR SAFETY—INSTRUCTIONS—EXPOSED COGS NEGLIGENCE PER SE. It is not prejudicial error to instruct that defendant owed the duty to do all that "could possibly be done" to avoid an injury caused by cogwheels conceded to be unguarded, inasmuch as, under Laws 1903, p. 40, § 1, making it the defendant's positive duty to properly guard exposed cogwheels, it was the duty of the court to instruct that the defendant is guilty of negligence as a matter of law in failing to guard the same.

Appeal from a judgment of the superior court for King county, Tallman, J., entered February 13, 1905, upon the verdict of a jury rendered in favor of the plaintiff, after a trial on the merits, in an action for personal injuries sustained by an employee caught in unguarded cogwheels. Affirmed.

*G. M. Emory,* for appellant.

*Martin J. Lund (Walter S. Fulton,* of counsel), for respondent.

MOUNT, C. J.—On July 8, 1904, while respondent was working as a common laborer in appellant's sawmill, he caught his left hand in some unprotected cogwheels, and lost the second and third fingers thereof. His hand was otherwise crushed and injured. He brought this action for damages, alleging negligence of appellant in failing to guard and protect the cogwheels. Appellant in its answer denied the alle-

gations of negligence, and pleaded affirmatively contributory negligence and assumption of risk on the part of the respondent. The cause was tried to the court and a jury, which returned a verdict in favor of respondent for $2,500. From a judgment rendered on the verdict, defendant appeals.

Appellant argues, first, that the evidence shows that the respondent was guilty of contributory negligence as a matter of law. Upon this point the evidence shows, that respondent was employed in the mill as second man behind a gang edger to bear away lumber; that he had worked at this employment for about three days. Under the rules and customs of the mill, when the first man behind the edger was away, it became the duty of the second man to move up to the place of the first man; and when the man whose duty it was to operate the live rolls by means of levers was away, it was the duty of the first man behind the edger to take his place. At the time of the injury, respondent had been working for about two hours as first man behind the edger. The man controlling the live rolls left his station for a short time and requested respondent to take his place. Respondent expressed some doubt as to his ability to operate the rolls, but assumed the place.

Soon after he had done this, he saw some timbers coming along the rolls. One of the sticks, four by six inches in size and ten feet in length, was about to fall from the rolls. Respondent thereupon stepped over to the stick and attempted to replace it on the rolls. The stick happened to lie over a pair of revolving cogwheels, which respondent did not see. When he took hold of the stick, his hand was caught in the cogwheels and crushed. There was some evidence to the effect that, when respondent expressed doubt as to his ability to operate the levers which controlled the rolls, they were stopped, and that respondent thereupon started them again. This, however, was disputed by respondent. The evidence shows that it was the duty of the respondent to perform the act he was performing when he was injured. Usually the

question of contributory negligence is a question for the jury, and it is only in rare cases, and where there is no question of fact, or the evidence is undisputed, that the question becomes one of law for the court. *McQuillan v. Seattle,* 10 Wash. 464, 38 Pac. 1119, 45 Am. St. 799; *Christianson v. Pacific Bridge Co.,* 27 Wash. 582, 68 Pac. 191; *Jordan v. Seattle,* 26 Wash. 61, 66 Pac. 114. Under the facts as testified to by the respondent, and as above stated, we are clearly of the opinion that this question was one for the jury.

Appellant next complains that the court refused to instruct the jury, in substance, that every person of mature years and ordinary intelligence is charged by law with knowledge of the danger that cogwheels in operation will crush parts of the human body coming in contact with them, and instead thereof instructed the jury as follows:

"You are instructed that mere knowledge on the part of the plaintiff that the cogwheels were uncovered is not, as a matter of law, sufficient to have charged the plaintiff with an assumption of the risk, but such knowledge must have conveyed to the plaintiff the danger that was likely to result to him from the uncovered condition of the cogwheels."

Upon an examination of the instructions, we find that the court fully instructed the jury as to the duty of the plaintiff in working around dangerous machinery. For example, the court charged the jury as follows:

"I charge you that it is the duty of one working around dangerous machinery to use his senses and faculties to a reasonable degree, with a view to avoiding injury to himself, and that failure to use his senses and faculties to any degree at all while working in the vicinity of an open, visible, and exposed cogwheel would, as a matter of law, amount to such negligence on his part as to relieve the defendant from liability, provided such carelessness on the plaintiff's part directly caused or helped to cause his injury. If you believe that the cogwheel was open, unguarded, and plainly visible, at or before the time of plaintiff's injury, and that the plaintiff in the ordinary careful use of his powers of observation saw or ought to have seen it, and yet approached it and

placed his hand on a board so close to the cogwheel that his hand was drawn into it, without looking or watching or thinking of the danger of coming in contact with it, and his failure to look, watch for, or think about the danger was the partial or total cause of his injury, then I charge you that he would be guilty of contributory negligence and could not recover a verdict in this action."

And several other instructions were given to the same effect. The court then gave the following:

"The plaintiff in this case is chargeable with the knowledge that a cogwheel in operation would crush his hand if it came in contact with the cog, provided you find that he was aware, if ordinarily careful, or if ordinarily careful ought to have been aware, of their existence."

These instructions are as favorable to the appellant as could have been given under the rule in *Hall v. West & Slade Mill Co.*, 39 Wash. 447, 81 Pac. 915.

Appellant next contends that the court erred in receiving evidence of two witnesses, who testified that other accidents had happened in the same mill upon these same cogwheels, and others similarly situated, prior to the time of the injury complained of in this case. This evidence was introduced and admitted for the avowed purpose of showing the defective and dangerous condition of the cogwheels, and that appellant knew thereof. We think it was admissible for that purpose; especially, in view of the fact that the complaint alleged that, prior to the time of the accident, the cogwheels were left open, exposed, and unprotected, and that appellant knew of the dangerous condition of said cogs, which allegations were denied by the answer. *Smith v. Seattle,* 33 Wash. 481, 74 Pac. 674; *Stock v. Le Boutiller,* 18 Misc. Rep. 349, 41 N. Y. Supp. 649; *Morse v. Minnesota etc. R. Co.,* 30 Minn. 465, 16 N. W. 358.

Appellant relies upon the cases of *Christensen v. Union Trunk Line,* 6 Wash. 75, 32 Pac. 1018, and *Atherton v.*

*Tacoma R. & Power Co.,* 30 Wash. 395, 71 Pac. 39, where evidence to the effect that motormen had run cars at a high rate of speed on other occasions was held inadmissible, because this issue was a collateral and immaterial issue. In the case before us the condition of the cogwheels did not depend upon the will of the respondent, or the men who had charge of the operation of the machine. The condition was of a fixed and permanent character, made so by the will of the appellant. The fact that these same cogwheels, and others near by in the same condition, had injured other employees was notice of the dangerous condition of the wheels. This appears to distinguish this case from the ones cited by appellant, where the condition was not a fixed condition, but depended entirely upon some act of the operator which may not have been known to the railway company.

Appellant next contends that the court erred in giving the following instruction:

"You are instructed that it is the duty of the defendant to use all reasonable care and forethought to provide appliances necessary to the safety of the plaintiff, and such appliances as would avoid injury to its employes, so far as this could possibly be done, and while it is true that the plaintiff was required to use his faculties for his own preservation, yet he was not required to make a minute examination to discover whether the defendant had discharged his duty towards him as hereinbefore stated."

It is insisted by appellant that the words "so far as this could possibly be done," as used in this instruction, make the appellant an insurer of the life and limbs of its employees. The statute in force at the time of the injury to respondent required the appellant to maintain in use proper safeguards for all cogs, and prohibited the use of such machines not properly guarded. Laws 1903, p. 40, § 1. We have recently passed upon the effect of this statute in *Whelan v. Washington Lumber Co., ante* p. 153, 83 Pac. 98, and *Hoveland v. Hall Bros. Marine R. etc. Co., ante* p. 164, 82 Pac. 1090, where

we held that it was the positive duty of mill companies, or operators of such machines, to properly guard them as required by the statute, and that the term "proper guard" means a sufficient guard. In view of the fact that it was conceded in this case that there was no guard over the cogwheels on which respondent was injured, it became the duty of the court, under the rule as announced in the two cases last above cited, to instruct the jury that appellant was negligent as a matter of law in using the machine without guards, and permitting respondent to work around the machine with the cogs exposed. It follows, therefore, that the instruction above quoted was not prejudicial to the appellant even if it is erroneous.

Finding no prejudicial error in the record, the judgment is affirmed.

ROOT, CROW, DUNBAR, HADLEY. and FULLERTON, JJ., concur.