[No. 38160.  Department One.  June 30, 1966.]

HAROLD B. WINTER, *Appellant*, v. C. C. MACKNER *et al.,*
*Respondents.**

*Horton & Wilkins*, by *Hugh B. Horton*, for appellant.

*Loney, Westland, Koontz & Raekes*, by *Dean W. Loney*,
for respondents.

OTT, J.—January 14, 1963, C. C. Mackner and wife were
the owners of certain real estate in Franklin County, upon
which they were constructing a residence. Mr. Mackner
was a contractor and builder. The construction of the resi-
dence had progressed to where the outside had been framed
and closed in. There were no sidewalks or steps leading to
either of its two entrances. The interior of the house, which
had a full basement, was being constructed by the method
of applying plaster from the ceiling of the house to the
basement floor. Neither the landing at the back door nor
the stairway to the basement had yet been constructed. A
ladder was used as the means of access to the basement
from the rear door.

*Reported in 416 P.2d 453.

On the day in question, the front door had been boarded up so that the house could not be entered from the front. The back door, the only other entrance to the building, was closed. It could be opened only by the use of force, because of its sticking on the jamb due to the moisture evaporating from the plaster.

During the morning of January 14, 1963, Harold B. Winter came to the premises to obtain some information from an employee of Mr. Mackner. When he arrived at the premises, no one was there. He attempted to enter the front door and was unable to do so. He walked to the rear of the structure, forced the back door open, and stepped inside. He fell some eight feet to the basement floor and was injured. Mr. Mackner and his employees had left the premises to obtain building materials. They returned in about 45 minutes, during which time Mr. Winter was injured.

Harold B. Winter commenced this action against Mr. Mackner and his wife, contending that the defendants were negligent in creating an unreasonable risk to a person coming on the premises, in that there was no light in the building, the glass area in the back door had been covered with 15-pound black tar paper, there was no warning or other indication of the concealed danger, and "the door being opened constituted an invitation  . . .  to enter the premises."

The defendants' answer denied negligence and affirmatively alleged that Harold B. Winter was guilty of contributory negligence.

At the close of the plaintiff's evidence, the defendants' motion for dismissal was granted. The trial court held that there was no evidence of an unreasonable risk, and that the plaintiff had failed to establish that the defendants willfully and wantonly injured him.

From the judgment of dismissal, Harold B. Winter appeals.

Appellant contends that he was an invitee upon the premises for the reason that, on several prior occasions, he had visited with Mr. Mackner's employees during the time they were working; that Mr. Mackner had not objected to

the visitations, and that these incidents constituted an implied invitation to enter upon the premises at the time in question.

Mr. Mackner's testimony in this regard was as follows:

Q. And Mr. Mackner [*sic*] had come on your job previously when he was not working? A. Who is that? Q. Mr. Winter, I am sorry. A. Yes, he had on other houses, yes. Q. And you had never objected to it? A. No, not as long as I was there.

■ To be either a licensee or an invitee requires (1) an express permission or invitation, or (2) that the prior conduct of the owner be such as to lead one to believe that he has implied permission or an implied invitation to enter upon the owner's premises. *Dotson v. Haddock*, 46 Wn.2d 52, 278 P.2d 338 (1955), and cases cited. In the instant case, there is no evidence of express permission or invitation. The evidence relative to the owner's conduct does not meet the test of implied permission or invitation.

Appellant relies upon *Potts v. Amis*, 62 Wn.2d 777, 384 P.2d 825 (1963). In the cited case, the injured party was a guest of the owner at the time of the injury, and it was the negligent activity of the owner toward his guest to which liability attached. The case is not here apropos.

■ In *Schock v. Ringling Bros. and Barnum & Bailey Combined Shows*, 5 Wn.2d 599, 605, 105 P.2d 838 (1940), we defined trespasser as follows:

A trespasser is one who enters the premises of another without invitation or permission, express or implied, but goes, rather, for his own purposes or convenience, and not in the performance of a duty to the owner or one in possession of the premises.

One who enters upon the premises of another as a trespasser does so at his peril. The owner owes to a trespasser no duty except to refrain from willfully or wantonly injuring him. *Mail v. M. R. Smith Lumber & Shingle Co.*, 47 Wn.2d 447, 449, 287 P.2d 877 (1955); *Barnhart v. Chicago, Milwaukee & St. Paul Ry.*, 89 Wash. 304, 306, 154 Pac. 441 (1916).

The record before us establishes the status of the appellant to be that of a trespasser upon respondents' premises at the time of his injury. The court did not err in dismissing the action for appellant's failure to establish liability.

The judgment is affirmed.

ROSELLINI, C. J., HILL and HALE, JJ., and BARNETT, J. Pro Tem., concur.