[No. 1717-3.     Division Three.     December 8, 1976.]

FRED ROGERS, ET AL, *Appellants*, v. CHESTER BRAY, ET AL, *Respondents*.

*Paul J. Wasson* and *Hackney & Wasson,* for appellants.

*F. G. Fancher, Underwood, Campbell, Zellmer & Brock, Lawrence Cary Smith,* and *Smith, Donohue & Compau,* for respondents.

GREEN, J.—Fred and Diane Rogers appeal a summary judgment of dismissal.

The depositions, interrogatories, and requests for admissions before the Superior Court support the following factual statement:

Defendants Bray own a trailer located on rural property belonging to defendants Carr. Because of vandalism occurring 8 to 10 years prior to the accident which precipitated this lawsuit, the Brays placed a chain across the road leading to their trailer. The chain was located some 150 feet off Red Marble Road, which is also owned by the Carrs but commonly used by the public. Approximately 40 no trespassing signs were nailed to various trees on both sides of

Red Marble Road. One sign was hung from the chain, and another was attached to one of the trees that supported the chain. The defendants admit knowing that motorcyclists drive on Red Marble Road during the summer months. The road to the trailer appears to be well used, although not as well used as Red Marble Road. There is no sign indicating that the trailer access road is a private road.

On the day of the accident, Fred Rogers, his brother and his brother-in-law were riding their motorcycles in search of a good huckleberry picking area. They proceeded along Red Marble Road and then turned onto the road leading to the Brays' trailer. They did not see the no trespassing signs on their journey. A short distance down the trailer-access road, they came upon the chain. Rogers struck it, seriously fracturing his left leg; the other two motorcyclists were able to avoid it.

All parties moved for summary judgment. The court denied Rogers' motion, but granted defendants' motion. The rationale underlying the court's decision was: (1) the pertinent facts were not in dispute; (2) Rogers was a trespasser at the time of the accident; and (3) the placing of a chain across the access road did not constitute willful and wanton misconduct as a matter of law.

The sole question is whether there exists an issue of material fact as to the status of Rogers and the concomitant duty of care owed him by the defendants at the time of the accident. We find that there is.

Although the evidentiary facts in a case may not be in dispute, they may support contradictory inferences. In such a situation, the court must draw all reasonable inferences most favorable to the nonmoving party. *See Wood v. Seattle*, 57 Wn.2d 469, 473, 358 P.2d 140 (1960); *Calkins v. Boeing Co.*, 8 Wn. App. 347, 506 P.2d 329 (1973).

The defendants' knowledge that motorcyclists used Red Marble Road, coupled with (1) the fact that the access road was well used, and (2) the absence of a sign warning travelers that the access road was not for public use, creates by inference a question of fact as to whether Rogers

was negligently misled into believing that he was traveling on a road commonly used by the public. *See* 2 Restatement (Second) of Torts § 367 (1965). If Rogers was misled, then he was not a trespasser and defendants had the duty to exercise reasonable care to maintain the road in a reasonably safe condition for travel. *See Mills v. Orcas Power & Light Co.*, 56 Wn.2d 807, 819, 355 P.2d 781 (1960).

The judgment is reversed and the cause is remanded for trial.

McINTURFF, C.J., and MUNSON, J., concur.

Petition for rehearing denied January 10, 1977.