HERSEY, Judge.
This was an action against the owner of land for monetary damages resulting from physical injuries incurred by a minor who, while riding his motorcycle along a path on vacant property, collided with a barbed wire fence.
The land in question was basically raw acreage. It was owned at one time by Florida Palm Aire. This corporation entered into an arrangement with one Raymond Scholler requiring Scholler to maintain the property in exchange for the right to graze his cattle on it. An existing fence had been torn down and two or three weeks prior to the accident Scholler constructed the barbed wire fence involved here. The new fence obstructed a trail or path that previously had not been so obstructed.
George Holland became acquainted with this property through a broker and purchased it in the name of his corporation, Holland Builders, Inc. On several occasions prior to the accident Holland visited the property but on each occasion his inspection was limited to the perimeter of the property. He never examined the interior of the property nor did he see children playing there; he saw no cattle and knew nothing about Scholler or the maintenance arrangement or the barbed wire fence. The property was acquired for the purpose of residential housing to be constructed sometime in the future, so that no particular maintenance was required in the interim.
Thirteen year old George Leek, while riding his trail bike along the path where he had ridden previously, ran into the barbed wire fence. It was impossible to see the strands of wire from a distance and there were no warning signs on the property or flags on the wire.
Suit was filed alleging that Holland Builders, Inc. negligently erected the fence. An amended complaint alleging that the property was negligently maintained was filed when plaintiffs learned that Scholler had erected the fence. A third party complaint was filed by Holland Builders, Inc. against Scholler and Palm Aire Corporation. The latter corporation was granted a directed verdict and is not a party to this appeal. A jury returned a verdict in the amount of $100,000, finding no negligence on the part of the injured minor and finding that Holland Builders, Inc. was 60% negligent and that Raymond Scholler was 40% negligent.
This appeal from the final judgment upon the jury verdict and the denial of post-trial motions followed.
We find merit in only one point relied upon by appellant, Holland Builders, Inc., which requires a new trial.
The court refused to give an instruction to the jury on the status of the injured minor with relation to the property-owner and the effect that status would have on the duty owed him by the property-owner. Instead, the trial court gave the following instruction:
The issue for your determination on the claim of the Plaintiffs against the Defendant, Holland Builders, is whether the Defendant, Holland Builders, negligently failed to warn the Plaintiff, George Leek, of a dangerous condition and risk, which were known to the Defendant and which the Plaintiff neither knew or should have known by the use of reasonable case; and if so, whether such negligence was a legal cause of the injuries sustained by the Plaintiff, George Leek.
This instruction ignores the crucial distinction between one who is a trespasser or uninvited licensee and one who is an invitee. “The classification is important because it determines the duty of care owed the visitor by the property owner or occupier.” Post v. Lunney, 261 So.2d 146, 147 (Fla.1972). The classification was further refined and the distinctions reemphasized in Wood v. Camp, 284 So.2d 691 (Fla.1973).
If the injured minor here was found by the jury to be either a trespasser or an uninvited licensee, then “the owner or possessor ... owes ... a duty only to avoid willful or wanton harm to him and, upon discovery of his presence, to warn him of any known dangers which would not be *581 open to his ordinary observation.” Nolan v. Roberts, 383 So.2d 945, 946 (Fla. 4th DCA 1980).
The jury should have been instructed on the status of the injured minor and the duty attaching to the owner or possessor of land with respect to invitees and with respect to trespassers and uninvited licensees.
We reverse the final judgment and remand with instructions to grant a new trial.
REVERSED AND REMANDED FOR NEW TRIAL.
LETTS, C. J., and BERANEK, J., concur.