[No. 13500-7-I.   Division One.   November 25, 1985.]

ROYAL H. ADUDDELL, *Appellant*, v. JOHNS–MANVILLE
CORPORATION, ET AL, *Respondents*.

*Schroeter, Goldmark & Bender* and *Paul W. Whelan,* for
appellant.

*James A. Murphy, Charles W. Mertel, Barry Mesher,
Paul C. Gibbs, John R. Allison, Paul T. Dalton, Palmer
Robinson, Arthur Hart, Laurie Kohli, Robert Israel,
Charles V. Moren, Bradley Stam, David L. Martin,
Charles E. Peery, John Bergmann, Michael Mines, Megan
Graves, Steven S. Bell, R. Scott Fallon, Helen Harvey, W.
Matt Murray,* and *Michael R. Green,* for respondents.

WILLIAMS, J.—Royal Aduddell brought this personal
injury action against 25 asbestos manufacturers and dis-

tributors, alleging that he developed asbestosis as a result of exposure to defendants' products. The trial court granted defendants' motion for summary judgment of dismissal on the grounds that Aduddell's claims were barred by the 3–year statute of limitations. Aduddell appeals.

Aduddell worked at the Puget Sound Naval Shipyard in Bremerton and at other jobs installing asbestos insulation from 1943 to 1972. On September 22, 1977, Aduddell contacted attorney Paul O'Neil about a possible worker's compensation claim. Aduddell was examined by Dr. H. Anderson, who is not an expert in diagnosing asbestos–related disease. On September 26, 1977, Dr. Anderson sent a letter to O'Neil which stated:

> He was found to have old healed scarring involving the right upper lobe and left lower lobe probably due to exposure to asbestos as a worker. . . .
> He does run a risk of carcinoma of the lung from these pulmonary lesions if indeed they are due to asbestos. This could only be proven by a biopsy of the tissue.

Clerk's Papers, at 150. The record does not indicate when Aduddell was informed of Dr. Anderson's findings.

On December 2, 1977, O'Neil sent a letter to Dr. Jonathan Ostrow, a respiratory disease specialist, which stated:

> [Aduddell is] concerned because of a medical consultation he had last summer which was suggestive of asbestosis. . . .
> As you will learn from his work history, Mr. Aduddell has had a long history of employment in industries where asbestos is used. . . .
> In any case, it appears that he has a potential Longshore & Harborworkers' claim, a potential Department of Labor & Industries claim, and a potential FEC claim. If, after your examination, you do find that an occupational disease exists, I would appreciate it if you would file the appropriate forms with the Department of Labor & Industries, and with the Office of Workers' Compensation Programs.

Clerk's Papers, at 65. On January 17, 1978, Aduddell was examined by Dr. Ostrow, who concluded that Aduddell was suffering from pulmonary asbestosis caused by many years

of exposure to asbestos insulating materials at work. Dr. Ostrow did not send his report to Aduddell, but sent it to O'Neil sometime after February 13, 1978, and it was not reviewed by O'Neil until March 15, 1978. On approximately April 18, 1978, Dr. Ostrow's diagnosis was relayed to Aduddell by Dr. Anderson.

On April 12, 1978, Aduddell filed a worker's compensation claim and, during a hearing on that claim, testified:

Q. When did the doctor first tell you that you had asbestos exposure?
A. After he took x–rays and had them diagnosed by the radiologist.
Q. And that would be September 26, 1977?
A. There was a prominent scar in the lungs.
Q. I want the date from you, sir. Would it have been in September, September 26, 1977?
A. Yes.

Clerk's Papers, at 131–32. In Defendant's First Interrogatories to Plaintiff Royal H. Aduddell, Aduddell stated, "I was not aware that asbestosis was a compensable disease until I consulted with Dr. Ostrow in 1978." Clerk's Papers, at 134. In addition, Aduddell testified at his deposition as follows:

Q. And at that time you indicated that you thought it was the spring of 1977 that you were having lung problems.
A. Yes.
Q. Would that be correct today? Is this the best of your recollection now?
A. Yes.
Q. At this time also you indicated this was the time that you thought a doctor told you you had asbestosis. Is this the same as your memory now?
A. No.
Q. Apparently you indicated that you were told, then, in September of 1977, that you had a prominent scar on your lungs?
A. Right.
Q. Would this be consistent with your recollection now?
A. Yes.
Q. And apparently you were told at that time that you did have asbestosis. Is this consistent with your recollec-

tion right now?

A. No, I wasn't told until after I saw Dr. Ostrow.

Clerk's Papers, at 62–63. Aduddell brought this action on February 13, 1981.

■■ The issue is whether Aduddell's cause of action had accrued by February 13, 1978. A products liability cause of action accrues when the plaintiff discovers or reasonably ought to have discovered that (1) he suffers physical harm from a product which has a defective condition making it unreasonably dangerous, (2) the defendant seller is engaged in the business of selling such a product, and (3) the product is expected to and does reach plaintiff without substantial change in the condition in which it is sold. *Sahlie v. Johns–Manville Sales Corp.,* 99 Wn.2d 550, 552, 663 P.2d 473 (1983).[1] Because this is an appeal from an order granting summary judgment, the material submitted to the trial court and all reasonable inferences flowing therefrom must be considered in the light most favorable to the nonmoving party. *Wilson v. Steinbach,* 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). In addition, where different inferences may be drawn from evidentiary facts as to ultimate facts such as knowledge, summary judgment is not warranted. *Preston v. Duncan,* 55 Wn.2d 678, 681–82, 349 P.2d 605 (1960).

The physical harm Aduddell alleges that he suffers from is asbestosis. Asbestosis is an insidious disease, that is, it develops so gradually as to be well established before becoming apparent. *See Borel v. Fibreboard Paper Prods. Corp.,* 493 F.2d 1076, 1083 (5th Cir. 1973), *cert. denied,* 419 U.S. 869 (1974). By February 13, 1978, neither Aduddell nor his attorney knew that he had asbestosis. Nor can we

---

[1]Washington's "discovery rule" is different from that of other jurisdictions. *See Pauley v. Combustion Eng'g, Inc.,* 528 F. Supp. 759, 764 (S.D. W. Va. 1981). Thus, cases from other jurisdictions are of limited value. *See generally* Annot., *When Statute of Limitations Begins To Run as to Cause of Action for Development of Latent Industrial or Occupational Disease,* 1 A.L.R.4th 117, 127–34 (1980 & Supp. 1985); 3A L. Frumer & M. Friedman, *Products Liability* § 39A.03, at 12–17 through 12–39 (1985).

say, as a matter of law, that Aduddell or his attorney should have known, by February 13, 1978, that he had asbestosis. Dr. Anderson is not an expert in diagnosing asbestosis, did not purport to make such a diagnosis of Aduddell and a reasonable person would not necessarily reach such a diagnosis from Dr. Anderson's letter.

Certainly, Aduddell and his attorney had cause to seek specialized professional advice, and they did so promptly. But, it would have been precipitous to serve and file a court action until notice of the results of the biopsy of the tissue, suggested in Dr. Anderson's letter, was received.

Because a genuine issue exists as to whether, by February 13, 1978, Aduddell had discovered or reasonably ought to have discovered that he had asbestosis, summary judgment should not have been granted.

Reversed and remanded.

RINGOLD and WEBSTER, JJ., concur.