PER CURIAM.
The record demonstrates the existence of genuine issues, among others, as to whether the decedent was an implied invitee on defendant’s premises who was owed a duty of reasonable care under the doctrine contained in Restatement (Second) of Torts § 367 (1965), see Holland Builders, Inc. v. Leck, 395 So.2d 579 (Fla. 4th DCA 1981), pet. for rev. dismissed, 402 So.2d 610 (Fla.1981); Rogers v. Bray, 16 Wash.App. 494, 557 P.2d 28 (1976); whether he was instead a licensee, and whether, if so, the defect which caused the accident was not open to ordinary observation and thus constituted a breach of the duty owed to persons in that status. Collom v. Holton, 449 So.2d 1003 (Fla. 2d DCA 1984); Florida East Coast R. Co. v. Shulman, 481 So.2d 965 (Fla. 3d DCA 1986). Accordingly, the summary judgment entered for the defendants below is reversed and the cause remanded for trial.
Reversed.