[No. 35488-4-I. Division One. April 8, 1996.]

JOSE ZUNIGA, *Appellant*, v. PAY LESS DRUG STORES, N.W., ET AL., *Respondents.*

*Georgia T. Locher*, for appellant.
*Anthony C. Johnson*, for respondents.

BECKER, J. — Jose Zuniga appeals the summary dismissal of his complaint for injuries sustained when a Pay Less truck driver inadvertently ran over his leg. We conclude that because Zuniga was a trespasser on property belonging to Pay Less, Pay Less could not be held liable absent a showing of willful and wanton misconduct.

Jose Zuniga is a homeless person living in Seattle. On the night of March 8, 1993, he went to sleep near a loading dock off an alley in downtown Seattle. The loading dock is leased and used by Pay Less Drug Stores. At about 5 a.m., Robert Huff, a driver for Pay Less, arrived at the dock with a truckload of merchandise. As Huff backed the tractor–trailer up to the dock, a wheel on the trailer ran over Zuniga's leg. Zuniga sued.

In Washington, a landowner's only duty to trespassers is to avoid "willfully or wantonly injuring them". *Van Dinter v. City of Kennewick*, 121 Wn.2d 38, 41, 846 P.2d

522 (1993). Early in the case, the trial court granted partial summary judgment in favor of Pay Less, ruling there was no evidence Zuniga's injury resulted from willful or wanton misconduct. Upon a later motion by Pay Less for summary judgment, the court concluded there was no genuine issue of material fact as to whether Zuniga was a trespasser. Applying the common law rule stated above, the court dismissed the complaint.

We first consider whether the defendants owed any duty to Zuniga other than the duty to avoid willful and wanton misconduct. The thrust of Zuniga's argument is that the law should hold Pay Less to the higher duty of reasonable care in these circumstances.

A possessor of land "is not liable to trespassers for physical harm caused by his failure to exercise reasonable care . . . to *carry on his activities* so as not to endanger them." (Emphasis added.) RESTATEMENT (SECOND) OF TORTS § 333 (1965); *see also Sikking v. National R.R. Passenger Corp.*, 52 Wn. App. 246, 758 P.2d 1003 (1988) (no duty of reasonable care to trespasser injured by railcar). Thus, assuming Zuniga to be a trespasser, the fact that Zuniga's injuries resulted from the movement of the truck rather than a fixed condition of the premises does not require imposition of a higher standard.

We also reject the argument that the truck driver is subject to a higher duty of care than the possessor of the land in this case. The truck driver "enjoys the same freedom from liability" as Pay Less, as he was plainly acting on its behalf. *Jarr v. Seeco Constr. Co.*, 35 Wn. App. 324, 328, 666 P.2d 392 (1983) (quoting RESTATEMENT (SECOND) OF TORTS § 383 (1965)).

When the truck ran over Zuniga's leg, the cab was in the street while the back of the truck was in the dock. Zuniga contends the duty associated with ownership of land is replaced by the duty to use reasonable care because the driver of the truck was not on Pay Less' property when the accident occurred. We reject this contention because the common law categories of invitee, licensee, and

trespasser consider the location of the *plaintiff* at the time of the accident. The location of the landowner or his agents is not relevant. *See Alabama Fuel & Iron Co. v. Bush*, 204 Ala. 658, 86 So. 541, 543–44 (1920) (location and status of plaintiff at the time of accident are controlling). The accident in this case therefore falls within the scope of the common law rule.

Another basis offered by Zuniga for imposing liability on Pay Less is that the appearance of the loading dock allegedly misled him into believing it was public property. In a somewhat analogous situation, Washington courts have held that the usual rule governing liability to trespassers does not apply where the "the trespasser is negligently led into believing that a private road is a public road." *Johnson v. Schafer*, 47 Wn. App. 405, 408, 735 P.2d 419 (1987), *rev'd on other grounds*, 110 Wn.2d 546, 756 P.2d 134 (1988); *Rogers v. Bray*, 16 Wn. App. 494, 557 P.2d 28 (1976). These cases follow the Restatement rule concerning "Land Appearing to be a Highway":

> A possessor of land who so maintains a part thereof that he knows or should know that others will reasonably believe it to be a public highway is subject to liability for physical harm caused to them, while using such part as a highway, by his failure to exercise reasonable care to maintain it in a reasonably safe condition for travel.

RESTATEMENT (SECOND) OF TORTS § 367 (1965).

There is no factual basis for application of the rule of *Johnson* and *Rogers* here. The loading dock in this case is completely covered by an overhanging building, and the entrance is partially obstructed by two concrete pillars. Zuniga said that the loading dock "looks like a work area," and that he went to sleep there because it was "not out in the streets." By his own admission, Zuniga knew the area was not a public street. He was certainly not using the land "as a highway." The rule does not contemplate that every urban landlord must post "no trespassing" signs in order to avoid liability to trespassers.

Zuniga urges this court to abandon the common law rules governing the liability of landowners and adopt a standard of "reasonable care under all of the circumstances." The Supreme Court has considered and rejected a similar request. *Younce v. Ferguson*, 106 Wn.2d 658, 662, 724 P.2d 991 (1986); *Sikking*, 52 Wn. App. at 249–50. So long as the Supreme Court adheres to the reasoning of *Younce*, this court cannot find error in the application of common law principles of premises liability.

Affirmed.

WEBSTER and AGID, JJ., concur.