IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| EUNICE PALMER, a minor, by and through his parent and legal guardian, LAROYCE PALMER, individually, | ) ) ) ) | No. 79695-0-I |
| Respondents, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| SEATTLE PUBLIC SCHOOL DISTRICT, a quasi-government agency, | ) ) ) ) | |
| Appellant. | ) | |

BOWMAN, J. — Eunice Palmer IV sued the Seattle Public School District (District) for injuries sustained after falling through a skylight on the roof of Eckstein Middle School. The District moved for summary judgment dismissal of Palmer's claims. The trial court denied summary judgment based on unidentified questions of material fact about Palmer's status on the land and the applicability of the attractive nuisance doctrine. Because the undisputed facts establish Palmer was a trespasser and the District did not willfully or wantonly injure him, and because Palmer fails to set forth facts sufficient to satisfy the elements of the attractive nuisance doctrine, the District is entitled to summary judgment dismissal. We reverse and remand to dismiss Palmer's lawsuit.

Citations and pin cites are based on the Westlaw online version of the cited material.

FACTS

On Saturday afternoon, September 21, 2013, Palmer suggested to his friends T.B. and S.B. that they climb on the roof of Eckstein Middle School to investigate rumors of a swimming pool there. T.B. and S.B. are brothers. They live near Palmer and have been friends with him for nearly 10 years. Palmer was 12 years old and a student at Eckstein Middle School. T.B. was 15 years old and attended Bishop Blanchet High School. S.B. was in the fourth grade.

Palmer and his two friends first climbed onto the roof on the south side of the school near the parking lot. T.B. was the tallest of the kids so he climbed up first. Palmer and S.B. stood on a nearby handrail and T.B. pulled them each onto the roof. Finding no pool on the roof, they climbed down without incident.

Palmer and his friends played soccer for a while on the school field. Palmer then suggested they climb onto a different part of Eckstein's roof near the soccer field to look for the pool. This part of the roof was "a lot harder" to climb. As before, Palmer stood on a handrail and T.B. pulled him onto the roof. There, the boys encountered a second, higher part of the roof. A ladder led up to the second part of the roof, but a locked metal casing made the ladder unusable. T.B. was able to "jump up, grab the eave of the roof, [and] pull himself up" onto the higher part of the roof, but it was too high for Palmer and S.B. without the ladder. T.B. then "reached down and pulled" Palmer and S.B. "up one by one."

After reaching the top of the roof, T.B. and S.B. were "running and jumping around." Palmer was "being lazy and just walking around." Palmer saw what he thought was a "solid concrete" structure and walked on top of it. The structure

2

was a dirty skylight. Palmer fell 20 feet through the skylight to the school hallway floor below and sustained injuries.

Palmer sued the District, claiming that the District's negligence was the direct and proximate cause of his injuries. The District moved for summary judgment dismissal of the lawsuit. The District argued that Palmer was trespassing and that he knew he did not have permission from the school to be on the roof. The District claimed that Palmer produced no evidence that it breached its duty to avoid intentionally injuring him. The trial court denied the District's motion for summary judgment, citing unidentified questions of material fact about Palmer's status on the land as well as the applicability of the attractive nuisance doctrine.

The District moved for discretionary review under RAP 2.3(b)(1). A commissioner of this court granted review.

ANALYSIS

The District argues the trial court erred in denying its motion for summary judgment dismissal of Palmer's claims. We review orders on summary judgment de novo. Kim v. Lakeside Adult Family Home, 185 Wn.2d 532, 547, 374 P.3d 121 (2016). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Folsom v. Burger King, 135 Wn.2d 658, 663, 958 P.2d 301 (1998). We consider the evidence and reasonable inferences from it in the light most favorable to the nonmoving party. Kim, 185 Wn.2d at 547. To defeat summary judgment, the opposing party must set forth specific facts showing a genuine issue of material

fact and may not rely on allegations or self-serving statements.  Newton Ins. Agency & Brokerage, Inc. v. Caledonian Ins. Grp., Inc., 114 Wn. App. 151, 157, 52 P.3d 30 (2002).  If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to his case," then the trial court should grant summary judgment.  Atherton Condo. Apt.-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co., 115 Wn.2d 506, 516, 799 P.2d 250 (1990).

The District's Duty to Palmer

The District argues that the undisputed facts show Palmer was a trespasser to whom it owed only a duty to refrain from willful or wanton misconduct.  Palmer contends he was a licensee owed a duty of reasonable care.  We agree with the District.

To prove negligence, a plaintiff must show (1) the existence of a duty, (2) breach of that duty, (3) resulting injury, and (4) proximate cause.  Ranger Ins. Co. v. Pierce County, 164 Wn.2d 545, 552, 192 P.3d 886 (2008).  "[T]he threshold question is whether the defendant owes a duty of care to the injured plaintiff."  Schooley v. Pinch's Deli Mkt., Inc., 134 Wn.2d 468, 474, 951 P.2d 749 (1998). The existence of a legal duty is a question of law.  Schooley, 134 Wn.2d at 474.

In premises liability, "a person's status, based on the common law classifications of persons entering upon real property (invitee, licensee, or trespasser), determines the scope of the duty of care owed by the possessor" of the property.  Tincani v. Inland Empire Zoological Soc., 124 Wn.2d 121, 128, 875 P.2d 621 (1994).  The plaintiff's status depends on their location at the time of the injury.  Zuniga v. Pay Less Drug Stores, N.W., Inc., 82 Wn. App. 12, 14-15,

4

917 P.2d 584 (1996).  A visitor may enter as an invitee at first but becomes a licensee or trespasser when he exceeds the scope of the invitation.  See Tincani, 124 Wn.2d at 140-41.  When the facts are undisputed, a visitor's legal status as an invitee, licensee, or trespasser is a question of law.  Beebe v. Moses, 113 Wn. App. 464, 467, 54 P.3d 188 (2002).

"A trespasser, for purposes of premises liability, is one 'who enters the premises of another without invitation or permission, express or implied, but goes, rather, for his own purposes or convenience.' "  Botka v. Estate of Hoerr, 105 Wn. App. 974, 983, 21 P.3d 723 (2001) (quoting Winter v. Mackner, 68 Wn.2d 943, 945, 416 P.2d 453 (1966)).  A landowner's only duty to trespassers is to avoid willfully or wantonly injuring them.  Zuniga, 82 Wn. App. at 13.  Willful and wanton misconduct requires an intentional action in reckless disregard for the consequences.  Johnson v. Schafer, 110 Wn.2d 546, 549, 756 P.2d 134 (1988).  In contrast, a "licensee" is "a person who is privileged to enter or remain on land only by virtue of the possessor's consent."  Botka, 105 Wn. App. at 983.  A landowner owes a licensee a duty of reasonable care related to conditions on the property that pose an unreasonable risk of harm.  Tincani, 124 Wn.2d 133; see Fuentes v. Port of Seattle, 119 Wn. App. 864, 869, 82 P.3d 1175 (2003).

Palmer claims he was a licensee when he fell through the skylight.  But Palmer admits that "no teacher or school administrator specifically told" him that he "had permission to get on the roof with [his] friends."  Palmer also admits that he "understood he was not permitted to be on the roof of Eckstein Middle School"

at any time. The undisputed evidence shows that Palmer was a trespasser when he fell through the skylight.

Palmer concedes that the District "did not intentionally cause" his injuries. And he presents no evidence that the District intentionally or recklessly caused him to fall through the skylight. To the contrary, the undisputed evidence shows that the District tried to prevent access to the higher roof by locking the ladder that provided the only access to the area in a metal casing. Palmer testified that he could not have reached that area of the roof without T.B.'s assistance. Palmer provides no evidence that the District breached its duty to avoid willfully or wantonly injuring him.

### Attractive Nuisance Doctrine

Palmer argues that even if he were a trespasser, the District is liable for his injuries under the attractive nuisance doctrine. We disagree.

The attractive nuisance doctrine arises out of concern for the welfare and safety of children. Ochampaugh v. City of Seattle, 91 Wn.2d 514, 518, 588 P.2d 1351 (1979). Application of the doctrine requires proof of five elements:

> "(1) The instrumentality or condition must be dangerous in itself, that is, must be an agency which is likely to, or probably will, result in injury to those attracted by, and coming in contact with it; (2) it must be attractive and alluring, or enticing, to young children; (3) the children must have been incapable, by reason of their youth, of comprehending the danger involved; (4) the instrumentality or condition must have been left unguarded and exposed at a place where children of tender years are accustomed to resort, or where it is reasonably to be expected that they will resort, for play or amusement, or for the gratification of youthful curiosity; and (5) it must have been reasonably practicable and feasible either to prevent access to the instrumentality or condition, or else to render

6

> it innocuous, without obstructing any reasonable purpose or use for which it was intended."

Ochampaugh, 91 Wn.2d at 518 (quoting Schock v. Ringling Bros. & Barnum & Bailey Combined Shows, 5 Wn.2d 599, 616, 105 P.2d 838 (1940), overruled on other grounds by Laudermilk v. Carpenter, 78 Wn.2d 92, 457 P.2d 1004 (1969)). Palmer cannot show facts sufficient to satisfy all five elements of the attractive nuisance doctrine.

Palmer fails to establish the third element—that he was unable to understand the danger of the condition because of his youth. Ochampaugh, 91 Wn.2d at 518. Common objects, such as a roof or skylight, for which the uses and dangers "are obvious and well known, at least to the normal child of 12 years, and which cannot be made inaccessible without destroying the purpose for which they exist," are not attractive nuisances just because "injury from their use has occurred to a licensee or trespasser of sufficient age and understanding to appreciate the danger." Heva v. Seattle Sch. Dist. No. 1, 110 Wash. 668, 672, 188 P. 776 (1920). Washington courts have declined to apply the attractive nuisance doctrine to children aged 12 and 13 who were aware of the danger associated with common objects. See Deffland v. Spokane Portland Cement Co., 26 Wn.2d 891, 897, 908-09, 176 P.2d 311 (1947) (seventh graders knew that electrical wires were dangerous); Heva, 110 Wash. at 671-72 (12-year-old understood the danger of injury from falling from a ladder). Indeed, we have denied application of the attractive nuisance doctrine to a 7-year-old who fell to his death from a cliff, concluding that even at that age, a child "has learned to

7

appreciate fully the danger of falling." McDermott v. Kaczmarek, 2 Wn. App. 643, 644, 655, 469 P.2d 191 (1970).

Palmer was 12 years old and only a few weeks shy of turning 13 when he climbed on the school's roof and fell through the skylight. He admitted to having "at least average intelligence and judgment" for his age. His parents considered him "mature enough to play outdoors without adult supervision." And Palmer admitted that he knew falling off the school roof would injure him. The undisputed evidence establishes that Palmer was of "sufficient age and understanding to appreciate the danger" of climbing on the roof. Heva, 110 Wash. at 672.

Palmer also fails to establish the fourth element necessary to invoke the attractive nuisance doctrine—that the District left the skylight unguarded and exposed at a place where children of tender years are accustomed to resorting. Ochampaugh, 91 Wn.2d at 518. The skylight was located on a higher area of the roof accessible by a fixed ladder with a locked metal casing to prevent unauthorized use. The District did not leave the roof "unguarded." Palmer purposefully circumvented the District's precautions to reach the area where the skylight was located. Palmer admits he could not have accessed that area of the roof without T.B.'s assistance.

Finally, Palmer does not establish the rest of the fourth element—that the roof is a place where the District could reasonably expect children to resort. Ochampaugh, 91 Wn.2d at 518. He produces no evidence that children often climbed onto the roof. In his declaration, Palmer asserts that he got onto the roof

8

because he "had been told by many students there was a swimming pool" there and that the "teachers and administrators knew that Eckstein students frequently got on the roof at the school." But the record lacks any evidence from teachers, administrators, or other students to support his claim. Palmer's statements alone cannot raise an issue of material fact to defeat summary judgment. See Newton Ins., 114 Wn. App. at 157. Palmer fails to show sufficient evidence to support the third and fourth elements of the attractive nuisance doctrine.[1]

Because the undisputed facts establish Palmer was a trespasser and the District did not willfully or wantonly injure him, and because Palmer fails to set forth facts sufficient to satisfy the elements of the attractive nuisance doctrine, the District is entitled to summary judgment. We reverse and remand to dismiss Palmer's lawsuit.

_Brunmer, J_

WE CONCUR:

_Leach, J._          _Appelwick, J._

---

[1] Because Palmer must present evidence of all five elements of the attractive nuisance doctrine, our conclusion that he fails to establish these two elements is enough to defeat his claim. See Ochampaugh, 91 Wn.2d at 518.