# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION  II

| | |
|---|---|
| MICHELE NORDELL, a single woman, | No.  60796-4-II |
| Appellant, | |
| v. | |
| JOYCE FILIP and ROBERT FILIP, wife and husband, and the marital community composed thereof, and FILIP FAMILY TRUST, | UNPUBLISHED OPINION |
| Respondents. | |

LEE, J. — Michelle Nordell sued Joyce Filip following an interaction between the two while Nordell was walking a client's dog.  Nordell appeals the superior court's order granting Filip's motion for summary judgment and dismissing Nordell's personal injury claim.  Because there are genuine issues of material fact, we reverse summary judgment and remand for further proceedings consistent with this opinion.

## FACTS

In June 2022, Nordell was pet sitting Stella, a German Shepard Dog belonging to Gary Grube.  Grube lived on Roberson Road, a private road.  There are two private property signs on Roberson Road which state that only property owners and guests are permitted on Roberson Road. Grube's house is located beyond both of these signs; in other words, a person on Roberson Road would pass by both signs before arriving at Grube's house.  While pet sitting for Grube, Nordell walked Stella on Roberson Road without incident multiple times.

Filip has lived in her home on Roberson Road since 2000. Filip often keeps an eye on her neighbors' homes when they are away. She also watches for people trespassing into their private neighborhood.

On the afternoon of June 17, Nordell walked Stella on Roberson Road. While Nordell was walking Stella, Filip drove up next to her with her car window down. Filip confronted Nordell about being on a private road. According to Nordell, Filip was yelling, causing Stella to become agitated and to lunge on her leash at Filip. After the confrontation, Nordell returned to Grube's house and reported the incident to the police.

Later, Nordell learned that the pain pump in her back had become damaged and dislodged during the incident. Nordell underwent multiple surgeries to repair the pain pump.

In March 2024, Nordell filed a complaint for personal injury against Filip.[1] In her complaint, Nordell alleged that Filip failed to use reasonable care during their interaction by yelling at Nordell and causing Stella to lunge and injure Nordell.

Filip moved for summary judgment, arguing that Filip owed only a limited duty to Nordell because Nordell was a trespasser and that Filip did not breach that duty. Filip also argued that Nordell failed to show causation.

In support of her motion for summary judgment, Filip filed a declaration explaining that she lived in a private neighborhood on Roberson Road, West Roberson Estates. She also stated that Grube lived in a separate private neighborhood on the same road. Filip attached survey records and covenants distinguishing her neighborhood from Grube's neighborhood.

---

[1] Nordell also named as defendants the Filip Family Trust and Filip's husband, Robert Filip. The Filip Family Trust and Robert Filip were later dismissed as parties. Nordell does not appeal the dismissal of the Filip Family Trust or Robert Filip.

Filip also described her recollection of the interaction with Nordell. Filip stated that she often kept an eye out for strangers who trespassed into their private neighborhood. On the date of the incident, she saw Nordell, a stranger, walking a dog in the neighborhood. Filip drove her car down her driveway, contacted Nordell, and "asked her to identify herself and explain why she was on [Filip's] property." Clerk's Papers (CP) at 121. Nordell explained that she was dog sitting for a neighbor, and Filip returned to her house.

Filip estimated that the encounter lasted one to two minutes. Filip denied threatening Nordell or doing anything "with intent to harm her or rile up the dog she was walking." CP at 121. Filip also stated that she "did not observe anything that the German Shepard allegedly did to cause any harm to Ms. Nordell, and Ms. Nordell did not complain or appear to be hurt at the scene." CP at 121.

In her motion, Filip included Nordell's deposition, in which Nordell stated that Filip indirectly harmed her:

> [Filip's counsel:] And [Filip] didn't, in fact, harm you, did she?
>
> [Nordell:] Indirectly.
>
> [Filip's counsel:] Indirectly how?
>
> [Nordell:] Through the—her actions provoked the dog to behave like she did, and I ended up getting very injured.

CP 165-66.

In a declaration supporting her response to summary judgment, Nordell provided her description of the incident:

> 4. In the afternoon of June 17, 2022, I walked Stella on Roberson Road near Stella's owner's home. I walked Stella with an approximately ten-foot retractable leash. Suddenly, a vehicle driven by Joyce Filip pulled up and stopped very close to me. Ms. Filip started unexpectedly and senselessly yelling at me from

her vehicle demanding to know who I was and why I was on Roberson Road. I tried to answer Ms. Filip's questions. Ms. Filip interrupted me, not letting me answer her questions. While Ms. Filip yelled at me, Stella started to become agitated at Ms. Filip. Stella started to lunge towards Ms. Filip. Ms. Filip saw that Stella was becoming more and more agitated with her. Ms. Filip saw that Stella was starting to lunge towards her.

5.    Although Ms. Filip saw that Stella was becoming very agitated with her and starting to lunge at her, Ms. Filip yelled louder and louder at me. Eventually, Stella became so agitated with Ms. Filip, she lunged at Ms. Filip with enough force to break her retractable leash. As I tried to hold onto Stella's retractable leash when it broke, Stella's agitated movements twisted me back and forth and side to side. The hard jerking motion while I held Stella's retractable leash twisted my back, which caused the mechanical pain pump in my back to become damaged and dislodged. After I returned to Stella's owner's home, I called the police to report the incident.

CP at 39.

After a hearing on the motion, the superior court granted Filip's motion for summary judgment. Nordell appeals.

ANALYSIS

Nordell appeals the superior court's order granting Filip's motion for summary judgment, arguing that there are genuine issues of material fact regarding duty, breach, and proximate cause. We agree, reverse the superior court's summary judgment order, and remand for further proceedings consistent with this opinion.

A.    LEGAL PRINCIPLES

We review a grant of summary judgment de novo and engage in the same inquiry as the superior court. *Johnson v. Lake Cushman Maint. Co.*, 5 Wn. App. 2d 765, 777, 425 P.3d 560 (2018). Summary judgment is appropriate if the record demonstrates the absence of any genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Id*. A genuine issue of material fact exists when reasonable minds can differ on the facts that control the outcome of the litigation. *Id*. at 778. "Mere allegations, argumentative assertions, conclusory

statements, and speculation do not raise issues of material fact that preclude a grant of summary judgment." *Greenhalgh v. Dep't of Corr.*, 160 Wn. App. 706, 714, 248 P.3d 150 (2011). When determining whether a genuine issue of material fact exists, courts construe all evidence and the reasonable inferences therefrom in favor of the nonmoving party. *Galassi v. Lowe's Home Centers, LLC*, 4 Wn.3d 425, 434, 565 P.3d 116 (2025).

The moving party in a summary judgment motion bears the initial burden of showing the absence of an issue of material fact. *Johnson*, 5 Wn. App. 2d at 777. If the moving party meets its burden, then the burden shifts to the opposing party to show the existence of a genuine issue of material fact. *Id*. at 777-78. If the opposing party fails to meet its burden of showing a genuine issue of material fact exists, then summary judgment is appropriate. *Id*. at 778.

To prevail in a negligence claim, the plaintiff must show "'(1) the existence of a duty owed, (2) breach of that duty, (3) a resulting injury, and (4) a proximate cause between the breach and the injury.'" *Galassi*, 4 Wn.3d at 435 (internal quotation marks omitted) (quoting *Johnson v. Liquor & Cannabis Bd.*, 197 Wn.2d 605, 611, 486 P.3d 125 (2021)).

B.    DUTY OWED

First, the parties dispute what duty Filip owed to Nordell. Filip argues that this case should be treated as a premises liability action, and because Nordell was trespassing on a private road, Filip owed Nordell only a limited duty. Nordell argues that this is an ordinary negligence claim, and therefore, Filip owed her the duty to exercise reasonable care under the circumstances. We agree with Nordell.

We are not persuaded by Filip's argument that this is a premises liability case such that Filip only owned a duty to Nordell as a trespasser. But even if we applied premises liability legal principles, Filip's arguments fail.

*Restatement (Second) of Torts* § 333 (1965) limits the general duty a possessor of land owes to trespassers:

Except as stated in §§ 334-339, a possessor of land is not liable to trespassers for physical harm caused by his failure to exercise reasonable care
(a) to put the land in a condition reasonably safe for their reception, or
(b) *to carry on his activities so as not to endanger them.*

(emphasis added); s*ee also*, *Zuniga v. Pay Less Drug Stores, N.W.*, 82 Wn. App. 12, 14, 917 P.2d 584 (1996).

A possessor of land is a person who both occupies and controls the land. *Adamson v. Port of Bellingham*, 193 Wn.2d 178, 187-88, 438 P.3d 522 (2019). "A trespasser, for purposes of premises liability, is one 'who enters the premises of another without invitation or permission, express or implied, but goes, rather, for his own purposes or convenience, and not in the performance of a duty to the owner or one in possession of the premises.'" *Botka v. Estate of Hoerr*, 105 Wn. App. 974, 983, 21 P.3d 723 (2001) (quoting *Winter v. Mackner*, 68 Wn.2d 943, 945, 416 P.2d 453 (1966)). However, "Washington courts have held that the usual rule governing liability to trespassers does not apply where 'the trespasser is negligently led into believing that a private road is a public road.'" *Zuniga*, 82 Wn. App. at 15 (quoting *Johnson v. Schafer*, 47 Wn. App. 405, 408, 735 P.2d 419 (1987), *rev'd on other grounds*, 110 Wn.2d 546, 756 P.2d 134 (1988)); *see also Rogers v. Bray*, 16 Wn. App. 494, 495-96, 557 P.2d 28 (1976).

Here, there is no evidence that Filip is actually the possessor of the portion of Roberson Road where Nordell had been walking. Although Filip provided surveys distinguishing her neighborhood from the neighborhood where Grube's house was located, these surveys are unclear as to whether the road is part of each property parcel or whether each property owner simply has an easement to use the road. Similarly, the covenants governing the properties say nothing about

the road or any rights, obligations, or limitations related to controlling or maintaining the road. Further, Filip provided no evidence that she actually occupied or controlled the road (rather than simply used it), such as evidence that she maintained that section of the road or that she had the ability to modify the road (such as putting up a gate). Accordingly, Filip failed to establish that she was the possessor of the road for the purposes of premises liability.

Moreover, even if we treated Filip as the possessor of the road, the evidence fails to establish that Nordell was a trespasser. Although Nordell did not have Filip's permission to be on that section of Roberson Road, all the posted signs indicated that Roberson Road was for the use of owners and guests. Grube's house was on Roberson Road beyond these signs and there is no evidence that there was any distinction made between the portion of the road used by Filip's neighborhood and Grube's neighborhood. The signage posted led Nordell to believe that, as Grube's pet sitter, she had permission to walk on Roberson Road. Accordingly, the heightened standard of "reasonable care" would apply. *Zuniga*, 82 Wn. App. at 14-15.

Thus, in light of the evidence in the record, Filip fails to show that was she was the possessor of the road, and even if the evidence did show Filip was the possessor of the road, we conclude that Nordell was, at a minimum, misled into believing that she had permission to walk Stella on Roberson Road.

We reject Filip's argument that summary judgment in her favor was proper because the duty of care owed by possessors of land to trespassers applies. Rather, we determine as a matter of law that the ordinary standard of reasonable care applies.

C.    BREACH

Nordell argues that the superior court erred by granting summary judgment because there are genuine issues of material fact as to whether Filip breached her duty to use reasonable care during the incident with Nordell.  We agree.

Under the duty to exercise ordinary care, a person has "the duty to exercise such care as a reasonable person would exercise under the same or similar circumstances." *Mathis v. Ammons*, 84 Wn. App. 411, 416, 928 P.2d 431 (1996).  Breach is the failure to exercise ordinary care or the failure to exercise such care as a reasonable person would exercise under the same or similar circumstances. *Id*.

Once a legal duty has been established as a matter of law, then the scope of that duty can be determined by considering the foreseeability of the harm to the plaintiff.  *McKown v. Simon Prop. Grp., Inc.*, 182 Wn.2d 752, 763, 344 P.3d 661 (2015).  "Foreseeability is used to limit the scope of the duty owed because actors are responsible only for the foreseeable consequences of their acts."  *Schooley v. Pinch's Deli Mkt., Inc.*, 134 Wn.2d 468, 477, 951 P.2d 749 (1998).  Foreseeability is normally for the trier of fact, but it can be decided as a matter of law if reasonable minds cannot differ. *Lee v. Willis Enters., Inc.*, 194 Wn. App. 394, 401-02, 377 P.3d 244 (2016).

Taking the facts in the light most favorable to Nordell, the nonmoving party, there are genuine issues of material fact as to whether Filip breached the duty of ordinary care.  According to Nordell, Filip saw that Stella was becoming agitated and lunging on her leash; despite this, Filip continued yelling, which caused Stella to become increasingly agitated.  Reasonable minds can differ as to whether Filip failed to exercise reasonable care by continuing to yell at the person holding onto an agitated, large dog that was lunging.

To the extent that Filip argues that Nordell's injury was not foreseeable because she had no way of knowing how Stella would react, this argument is contrary to the facts taken in the light most favorable to Nordell.[2] Viewing the evidence in the light most favorable to Nordell, Filip continued yelling at Nordell after Stella began lunging on her leash. Reasonable minds can differ as to whether it was foreseeable that Stella's continued lunging in reaction to Filip's yelling could cause harm to Nordell. Thus, there are also genuine issues of material fact as to whether Nordell's injury was foreseeable.

D.    CAUSATION

Finally, Nordell argues that the superior court erred by granting summary judgment because there are genuine issues of material fact as to causation. We agree.

Proximate causation has two elements: cause in fact and legal causation. *N.L. v. Bethel Sch. Dist.*, 186 Wn.2d 422, 437, 378 P.3d 162 (2016). "'Cause in fact refers to the "but for" consequences of an act—the physical connection between an act and an injury.'" *Id*. (quoting *Hartley v. State*, 103 Wn.2d 768, 778, 698 P.2d 77 (1985)). Generally, cause in fact is a question

---

[2] In her brief, Filip argues that she did not breach the duty of ordinary care; however, Filip cites to and applies the duty of care owed by a possessor of land to an invitee. "A possessor of land is subject to liability for physical harm caused to licensees *by a condition on the land*." RESTATEMENT (SECOND) OF TORTS § 342. As explained above, Filip has failed to show that she is the possessor of the section of Roberson Road where the incident occurred. Further, while an injury from an animal may lead to premises liability action when the owner or keeper of the animal is the possessor of the property the animal is on, Nordell is not alleging that Stella was a dangerous condition on the property that caused her injury. *See Oliver v. Cook*, 194 Wn. App. 532, 543-46, 377 P.3d 265 (2016) (considering landlord's dog on landlord's property a relevant condition on the land). Instead, Nordell is alleging Filip's conduct caused her injuries and Filip's conduct is not a condition on the land. Accordingly, we do not apply the legal principles related to the premises liability duty a possessor of land owes to an invitee when determining whether there was a genuine issue of material fact as to whether Filip breached the duty of ordinary care.

In addition, Filip conflates foreseeability (a concept related to duty and breach) with proximate cause. We address foreseeability within the proper context of duty and breach.

for the jury. *Id*. But "when reasonable minds could reach but one conclusion, questions of fact may be determined as a matter of law." *Hartley*, 103 Wn.2d at 775.

Cause in fact may not be based on mere speculation. *See Estate of Bordon v. Dep't of Corr.*, 122 Wn. App. 227, 241-42, 95 P.3d 764 (2004). The plaintiff must have some evidence to establish proximate cause. *See id*. It is improper to require a jury to guess what *may* have happened if circumstances had been different. *See id*.

"Legal cause 'is grounded in policy determinations as to how far the consequences of a defendant's acts should extend.'" *N.L.*, 186 Wn.2d at 437 (quoting *Crowe v. Gaston*, 134 Wn.2d 509, 518, 951 P.2d 1118 (1998)). "'In deciding whether a defendant's breach of duty is too remote or insubstantial to trigger liability as a matter of legal cause, we evaluate mixed considerations of logic, common sense, justice, policy, and precedent.'" *Id*. (internal quotation marks omitted) (quoting *Lowman v. Wilbur*, 178 Wn.2d 165, 169, 309 P.3d 387 (2013)). When the facts are not in dispute, we can decide legal causation as a question of law. *Id*.

First, Filip appears to argue that there was no cause in fact because Nordell stated that she was "indirectly" harmed by Filip's actions in her deposition. We must view the facts in the light most favorable to Nordell, and when the facts are viewed in that light, the facts establish that Nordell had walked Stella on Roberson Road multiple times without incident before being confronted by Filip, that Stella got agitated and began lunging when Filip began yelling at Nordell, and that Filip continued yelling despite Stella's apparent agitation and lunging. Based on these facts, a reasonable person could infer that "but for" Filip's yelling, Stella would not have been lunging, and Nordell would not have been injured. Therefore, there is a genuine issue of material fact as to cause in fact.

Second, Filip appears to argue that there is no genuine issue of material fact as to legal causation because Nordell was the one in charge of Stella, and Nordell's injury was a highly extraordinary and improbable circumstance that could not be anticipated. As discussed above, taking the facts in the light most favorable to Nordell, Filip could have anticipated some injury to Nordell when she observed Stella lunging in reaction to her yelling at Nordell. Further, while it is reasonable that the person walking a dog controls it, it is also reasonable for a person to exercise reasonable and ordinary care to not agitate or antagonize an animal.

The facts here are highly disputed and reasonable minds could differ as to the extent to which Filip should be liable for her actions which, based on Nordell's account, agitated Stella into lunging and breaking her leash. Accordingly, we reject Filip's argument that legal causation should be determined as a matter of law in her favor.

CONCLUSION

Under the facts of this case, the duty to exercise reasonable care applies as a matter of law. The facts of this case are highly disputed. Taking the facts in the light most favorable to Nordell, there are genuine issues of material fact as to breach of the duty of reasonable care and proximate cause. Therefore, the superior court erred by granting Filip's motion for summary judgment. We reverse and remand for further proceedings consistent with this opinion.

No. 60796-4-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Price, A.C.J.

Che, J.

12